UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **CHARLES SHOULDERS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 13-10323-FDS |
| ) | |
| **JOHN MACORKADALE, et al.,** ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER ON PLAINTIFF'S
MOTION TO DIRECT THE U.S. MARSHAL TO FIND AND SERVE DEFENDANTS**

SAYLOR, J.

This is an action by a prisoner in state custody alleging discrimination and intentional infliction of emotional distress by correctional officers at the North Central Correctional Institution at Gardner.  Plaintiff Charles Shoulders is proceeding *pro se*.

On February 28, 2013, the Court ordered that the clerk issue summonses and that the United States Marshals Service serve each defendant as directed by plaintiff.  On April 17, 2013, after an unsuccessful first attempt at service, the Court ordered another issuance and service. Service was successfully completed on defendant John Waldron.  Service was attempted but could not be completed on defendant John Macorkadale, apparently because he no longer works at the facility where the events in question are alleged to have occurred.  Plaintiff has filed a motion seeking to have the Court direct the Department of Corrections to provide Macorkadale's home address, birth date, and social security number in order to facilitate service.

**I.      Service of Process**

Title 28, section § 1915(d) of the United States Code and Fed. R. Civ. P. 4(c)(3) require the Court to "order service by the U.S. Marshal if the plaintiff is authorized to proceed IFP." *See Laurence v. Wall*, 551 F.3d 92, 93 (1st Cir. 2008).[1]  However, in order to execute service, the Marshal will need more information than plaintiff is capable of providing.  Defendant no longer works at NCCI Gardner, and plaintiff currently has no reasonable way of otherwise serving him with process.  *See Murray v. Pataki*, 378 Fed. Appx. 50, 52 (2d Cir. 2010) ("[I]t is 'unreasonable to expect incarcerated and unrepresented prisoner-litigants to provide the current addresses of prison-guard defendants who no longer work at the prison,'" quoting *Richardson v. Johnson*, 598 F.3d 734, 739-40 (11th Cir. 2010)); Fed. R. Civ. P. 4(e); Mass. R. Civ. P. 4(d)(1).  Under the circumstances, the only practical method of serving defendant is for the Marshals Service to deliver the summons to his last-known home address.  Mass. R. Civ. P. 4(d)(1).  However, under Mass. Gen. Laws ch. 66, § 10, and ch. 4, § 7 cl. 26(o), defendants' home addresses are not subject to public disclosure.

This dilemma highlights two significant concerns in prisoner litigation—the security risks involved in informing prisoners of the home addresses of former or current guards, and the

---

[1] Although no motion to dismiss for lack of timely service or motion to extend time to serve has been filed, in its original February 28, 2013 order, the Court directed plaintiff to serve the named defendants within 120 days. *See* Fed. R. Civ. P. 4(m).  It has been more than 120 days since the complaint and the defendants have not yet been served.  However, the Court has discretion to extend the period for service of process.  *Id.*  Rule 4(m) directs the court to "extend the time for service for an appropriate period" when a plaintiff shows "good cause" for failing to effect service within 120 days of filing the complaint.  Fed. R. Civ. P. 4(m); *see also Laurence*, 551 F.3d at 94.  "[A] plaintiff proceeding IFP shows good cause when either the district court or the United States Marshals Service fails to fulfill its obligations under section 1915(d) and Rule 4(c)(3)." *Laurence*, 551 F.3d at 94.  Plaintiff did not delay in trying to effect service.  Rather, he filed the present motion on June 24, 2013—twelve days after the second service was attempted.  Considering this and the difficulty an inmate would have in investigating a defendant's whereabouts, there is good cause for failing to serve defendant, and plaintiff will be granted a reasonable amount of time to attempt service a third time.  *See Rua v. Glodis*, 2011 WL 5076319, at *2 (D. Mass. Oct. 24, 2011); *Cf. Lindsey v. United States RRB*, 101 F.3d 444, 447 (5th Cir. 1996) (explaining that IFP plaintiff's claim was properly dismissed where "he was told by the district court that process was not served on the [defendant], yet the plaintiff did nothing about it").

ability of prisoners to have access to the necessary information to pursue their claims in court. *See Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990). With these considerations in mind, the Court will direct the Commonwealth of Massachusetts Department of Corrections to submit to the Court, *ex parte* and under seal, the last known home address of defendant Macorkadale. The Court will complete the service form and will provide it, along with copies of the complaint, directly to the U.S. Marshal. *See, e.g.*, *Rua v. Glodis*, 2011 WL 5076319, at *2 (D. Mass. Oct. 24, 2011); *Combs v. Lehman*, 2009 WL 497124, at *2 (W.D. Wash. Feb. 24, 2009) (requiring Washington Department of Corrections to provide, under seal, addresses of retired prison employees for purposes of service by a U.S. Marshal). Alternatively, counsel for defendant may obtain permission and agree to accept service on their client's behalf. *See Murray*, 378 Fed. Appx. at 52 (stating that "the district court . . . could have ordered the other defendants to contact [the unserved defendant] to see if she would accept service or to provide the [plaintiff] with [the unserved defendant's] last known address").

**II.     Conclusion**

    For the foregoing reasons, plaintiff's motion is GRANTED in part and DENIED in part.

1. The period for service of process is extended until 60 days from the date of this Order;

2. Within 21 days of the date of this Order, either (a) the Commonwealth of Massachusetts Department of Corrections shall submit, *ex parte* and under seal, the last known address at which Macorkadale may be personally served; or (b) counsel for defendant shall agree to accept service by filing appropriate notice of the same;

3

3. Upon the submission by counsel of his last known address or filing of a notice that counsel will accept service for defendant, the Clerk shall reissue summons as to defendant Macorkadale and shall arrange for service by the United States Marshal who shall file a return receipt of service without disclosing the address. The Clerk shall provide a copy of this Order to the Marshal, and shall otherwise communicate directly with the Marshal to ensure that defendant's address is not publicly disclosed.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: July 26, 2013